**Joseph E. LAGREW and Lois Lagrew, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 77–1185.**

United States Court of Appeals, Sixth Circuit.

Feb. 16, 1979.

Charles R. Hembree, Philip E. Wilson, Kincaid, Wilson, Schaeffer & Hembree, Lexington, Ky., for appellants.

Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett, Aaron P. Rosenfeld, Tax Division, U. S. Dept. of Justice, Meade Whitaker, Chief Counsel, Internal, Revenue Service, Washington, D. C., for appellee.

Before WEICK, CELEBREZZE and LIVELY, Circuit Judges.

### ORDER.

This is an appeal from a decision of the United States Tax Court, deciding that there is a deficiency in income tax due from the appellants for the taxable year 1968 in the amount of $49,083.52. T.C. Memo. 1976–310 Docket No. 540–73.

The issue presented to the Tax Court for decision was whether the taxpayer, Joseph E. Lagrew, (his wife merely signed the tax return) realized ordinary income in 1968 by reason of his acquisition of 41 shares of assessable stock in Gribbin Enterprises, Inc., for which he paid $44,100, and agreed to render certain services such as to assist in rezoning a 43.07-acre farm which was the sole asset of the corporation, and to assume necessary expenses, other than legal, in the zoning and development of the land.

Very little expense was actually incurred, and no development was necessary because in 1969 all of the shareholders of Gribbin sold their shares for a total of $705,000, to be paid in installments, of which taxpayer was to receive $289,050.

Taxpayer, in his 1968 return, made no report of the sale. Prior to the trial in the Tax Court the entire payment for the sale of the shares had been made to all of the shareholders. Taxpayer contended that his sale should have received capital gain treatment over the years in which the installments were paid.

The Tax Court in its decision adopted findings of fact and prepared a written opinion containing its conclusions of law.

In our opinion the findings of fact of the Tax Court are supported by substantial evidence and are not clearly erroneous. Its conclusions of law are correct.

The nub of the Tax Court's decision is contained in the following language:

Ordinarily a purchase of property does not result in the realization of income. However, when stock is sold to a taxpayer at a bargain price for the purpose of compensating him for services, that taxpayer receives income to the extent of the excess of the fair market value of the stock over its cost to him. *William H. Husted,* 47 T.C. 664, 673 (1967), and cases there cited.

In our view, the record here is clear that the stock petitioner was to receive under the contract of October 5, 1967, to the extent its value exceeded the $44,100 he agreed to pay for the stock, was compensation to petitioner for services rendered. [A. 307–08]

In determining the fair market value of the farm in 1968 when taxpayer acquired his shares, the Tax Court accepted the testimony of taxpayer's expert witness, who testified it was then worth $601,500. The Court concluded that the fair market value of taxpayer's stock at that time was 41% of $601,500, discounted by 25%. The Court held that this amount, less taxpayer's cost of his shares, represented ordinary income received by him in 1968 upon his receipt of the shares. We agree.

The judgment of the Tax Court is affirmed.